■ In the Matter of ANDREW W. PFAU et al., Petitioners, v ADIRONDACK PARK AGENCY, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Warren County) to review a determination of respondent which denied petitioners' application for permission to construct additional docks on Lake George.

In 1972 petitioners acquired approximately 137 acres of land in the Town of Bolton, Warren County. Of the 137 acres, approximately 32.5 acres were located between Lake George and the eastern side of State Route 9N (hereinafter the eastern parcel). The remaining acres were located on the western side of Route 9N (hereinafter the western parcel).

In 1976 petitioners obtained a permit from respondent authorizing a seven-lot residential subdivision on the eastern parcel. Respondent issued a second permit to petitioners in 1982 authorizing the subdivision and development of an additional 13 lots on the eastern parcel. As noted in the 1982

permit, petitioners had designated a 1.53-acre parcel, spanning the eastern parcel's 570-foot shoreline, as a "community beach and picnic area". The permit authorized the construction of "temporary stake docks" but did not specify where the docks were to be located. In order to construct the temporary docks, petitioners needed the further approval of the Department of Environmental Conservation (hereinafter DEC) (see, 6 NYCRR 646.2 [a]). In August 1983, DEC issued petitioners a permit authorizing the construction of three temporary docks, to be anchored parallel to a preexisting dock.

In July 1985 petitioners submitted an application to DEC seeking permission to redesign and relocate the three docks authorized under the 1983 permit. In August 1985, DEC issued a notice of complete application concerning petitioners' proposed dock modifications. This notice, however, was subsequently withdrawn by DEC and petitioners were advised that they would have to first obtain respondent's approval. Petitioners made an application to respondent, and a public hearing was held on the matter. Following the hearing, respondent denied petitioners' application to relocate the docks. Respondent concluded, *inter alia*, that it could not make the necessary findings that (1) the project would be compatible with the preservation of adjacent wetlands (9 NYCRR 578.10 [a] [1] [i]), and (2) that it "would not result in degradation or loss of any part of the wetland or its associated values" (9 NYCRR 578.10 [a] [1] [ii]). Petitioners then commenced the instant proceeding pursuant to CPLR article 78 seeking review of respondent's determination.

At the outset we note that petitioners no longer contest that the Freshwater Wetlands Act (ECL art 24) provides a statutory basis for respondent's jurisdiction over their dock modification proposal. Under this proposal, the docks would be relocated to a place directly in front of a berm area which borders a large wetland complex. The berm is a raised stretch of dry land, held together by roots and vegetation, which serves to separate the wetland complex from the shoreline of the lake. Since only a narrow strip of sandy beach lies between the berm and the shoreline, respondent was concerned that placing the docks in front of the berm would encourage boaters to walk on the berm and/or along its base, both of which would result in destruction of the berm. There was evidence indicating that damage to the berm would expose the wetlands to serious erosional forces.

ECL 24-0701 (2) lists a variety of activities, including "erecting any structures * * * the driving of pilings, or placing of

any other obstructions", which, if conducted on freshwater wetlands, are subject to regulation under the Freshwater Wetlands Act. The statute further states that: "These activities are subject to regulation whether or not they occur upon the wetland itself, if they impinge upon or otherwise substantially affect the wetlands and are located not more than one hundred feet from the boundary of such wetland. Provided, that a greater distance from any such wetland may be regulated pursuant to this article by [the agency which] has jurisdiction over such wetland, where necessary to protect and preserve the wetland" (ECL 24-0701 [2]). Activities which are located within the boundaries of the Adirondack Park, and which would otherwise be subject to regulation under ECL 24-0701 (2), are within respondent's jurisdiction *(see,* ECL 24-0801; *see also, Green Is. Assocs. v Adirondack Park Agency,* 131 Misc 2d 1021, 1025). Since in our view, respondent properly had jurisdiction under the Freshwater Wetlands Act, we need not address respondent's other bases of jurisdiction.

Petitioners also contend that respondent's determination denying their proposal to relocate the docks is irrational and unsupported by substantial evidence. We do not agree with petitioners' contention that there were inconsistencies between the testimony of respondent's two expert witnesses. On the contrary, both witnesses agreed that substantial harm would befall the berm and, in turn, the wetlands if the docks were placed directly in front of the berm area. In addition, respondent was not required to find that the construction of a walkway and/or planting shrubbery on the berm would necessarily eliminate the potential for harm. In our view, there was ample evidence to support respondent's conclusion that the proposal would not be compatible with the preservation of the entire wetland *(see,* 9 NYCRR 578.10 [a] [1] [i]).

We have considered petitioners' other contentions and find them also to be without merit.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.