■ New York State Association of Counties, Respondent, v David Axelrod, as Commissioner of the New York State Department of Health, et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered October 7, 1988 in Albany County, which denied defendants' motion to dismiss the complaint.

Plaintiff is a nonprofit association whose members include all 62 counties in New York. It commenced this action on behalf of 42 counties that own and operate nursing homes, attacking defendants' implementation of a new Medicaid reimbursement methodology for nursing homes, referred to as Resource Utilization Group (hereinafter RUG)-II methodology (10 NYCRR part 86-2). This methodology, implemented in January 1986, is based on a pricing mechanism for calculating the Medicaid rates paid to residential health care facilities rather than on a cost-based system. Prior to January 1986, Medicaid rates were calculated on the basis of allowable costs in a prior year, the "base year", limited by certain cost ceilings, and then increased by a trend factor to account for inflation.

Defendants moved to dismiss all causes of action in the complaint on the grounds that they were barred by the four-month Statute of Limitations applicable to CPLR article 78 proceedings (CPLR 217) and that plaintiff's members failed to exhaust their administrative remedies. They appeal from Supreme Court's denial of their motion in its entirety.

The complaint herein sets forth five causes of action attacking the validity of defendants' regulations (10 NYCRR part 86-2), incorporating the RUG-II methodology. The first cause of action alleges that the regulations are unconstitutional in that defendants had no legislative authority to adopt them and, hence, they violate the doctrine of separation of powers. The second cause of action alleges that defendants' promulgation of the regulations was arbitrary, capricious and affected by errors of law. The third and fourth causes of action allege that the regulations are in conflict with Federal and State statutory law. The fifth cause of action alleges that the regulations deprived plaintiff's member counties of due process of law. The complaint seeks not only a declaration of invalidity of the regulations, which might be prospective in application, but also a recalculation of the reimbursement rates of plaintiff's members for the prior years in which the RUG-II methodology was applied.

Under the principles set forth in *Solnick v Whalen* (49 NY2d 224), we are of the view that the CPLR article 78 four-month period of limitations applies so as to bar plaintiff's second, third and fourth causes of action. This remains so irrespective of how one applies the distinction, often difficult to draw, as to whether the adoption of the regulations constituted a legislative or administrative act. Solnick teaches that if, after examining the relationship out of which the claim

arises and the relief sought, it appears that the rights of the parties disputed in the declaratory judgment action "are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided", then that specific limitation period is applied, rather than the catch-all six-year period of limitation under CPLR 213 (1) (*supra,* at 229-230). Put another way, the "necessary inquiry must therefore be whether there was some other form of judicial proceeding—barred by its limitation period at the time this action was commenced—which was available to plaintiffs for resolution of their challenge" to the administrative action at issue (*supra,* at 230).

It seems self-evident that the claim in plaintiff's second cause of action, asserted only on behalf of its member counties, that the adoption of the RUG-II methodology regulations was arbitrary, capricious and affected by an error of law, purely and simply pleads the classic statutory grounds for relief cognizable under CPLR article 78. Therefore, under *Solnick v Whalen (supra),* the failure of the affected counties who comprise plaintiff's membership to have challenged earlier RUG-II methodology reimbursement rate determinations, as early as 1986, on these grounds in a timely CPLR article 78 proceeding is fatal to plaintiff's second cause of action.

The same holds true for plaintiff's third and fourth causes of action in which the validity of the RUG-II methodology regulations are attacked as being in conflict with statutory law. Such claim has repeatedly been recognized as a proper ground for CPLR article 78 relief from the particular administrative action taken pursuant to the allegedly invalid regulation (*see, Matter of Harbolic v Berger,* 43 NY2d 102; *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Wellsville Manor Nursing Home v Axelrod,* 142 AD2d 225). Hence, these causes of action are also time barred.

The first and fifth causes of action, alleging the invalidity of the RUG-II methodology regulations on constitutional grounds, are not similarly time barred by the CPLR article 78 period of limitations. Constitutional challenges to a legislative act may not properly be brought through the vehicle of an article 78 proceeding (*see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 203-204). Obviously, also, the exhaustion of administrative remedies requirement would not apply to plaintiff's constitutional challenge (*see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Saint Mary's Hosp. v Axelrod,* 108 AD2d 1068, 1069; *Hurlbut v Whalen,* 58 AD2d 311, 317, *lv denied* 43 NY2d 643).

Order modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the second, third and fourth causes of action; grant the motion as to said causes of action and dismiss them as time barred; and, as so modified, affirmed.

Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.

Mikoll, J., dissents in part and concurs in part in a memorandum. Mikoll, J. (dissenting in part and concurring in part). In the case at bar, plaintiff's challenge to the regulations is broad, of general applicability implementing the RUG-II methodology and, only alternatively, seeking recomputation of certain costs as "noncomparable" costs pursuant to 10 NYCRR 86-2.10 (f). Supreme Court therefore correctly concluded that the four-month time limit was inapplicable in these circumstances as to plaintiff's second, third and fourth causes of action.

A broad-based challenge to a statute of general applicability is properly brought as a declaratory judgment action *(see, Solnick v Whalen,* 49 NY2d 224, 230-232). To follow the path defendants urge would require this court to disregard the legislative-administrative distinction formulated by case law *(see, Press v County of Monroe,* 50 NY2d 695; *Solnick v Whalen, supra; International Paper Co. v Sterling Forest Pollution Control Corp.,* 105 AD2d 278).

Supreme Court properly held that the action is not barred by plaintiff's failure to exhaust allegedly available administrative remedies. Regulation 10 NYCRR 86-2.13, cited by defendants, is inadequate as an avenue of review. It appears to provide review for part of the claim challenging the reimbursement rate but it does not provide any mechanism for plaintiff to challenge the constitutionality of the RUG-II methodology framework. Regulation 10 NYCRR 86-2.14, also cited by defendants, provides for administrative review of the rates on limited grounds. Defendants fail to state which of the grounds set forth there would apply to this matter so as to bar plaintiff's action. None of the grounds specified there apply to this case.

Finally, even if administrative remedies were available as claimed by defendants, the exhaustion rule is of no avail because it would be futile to require plaintiff or its member homes to exhaust them *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of St. Mary's Hosp. v Axelrod,* 108 AD2d 1068, 1069) since the agency's position here is already known *(see, Hurlbut v Whalen,* 58 AD2d 311,

317, *lv denied* 43 NY2d 643). The order of Supreme Court should be affirmed in its entirety.