■ NEW YORK STATE CHIROPRACTIC ASSN., INC., et al., Appellants, v SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 18, 1990, which, *inter alia,* granted respondent's motion to the extent of dismissing all but petitioners' constitutional claims, unanimously affirmed.

In March 1990, petitioners initiated this CPLR article 78 proceeding seeking an order declaring invalid regulation 62 (11 NYCRR 52.16 [c] [7]), which essentially allows chiropractic services to be excluded from insurance coverage under certain health insurance policies.

Upon respondent's motion, the IAS court dismissed all of petitioners' claims, except for the constitutional challenges, on the ground that they are barred by the four-month limitation period of CPLR 217. As the constitutional challenges could not

be appropriately brought via an article 78 proceeding, and could thus not be barred by CPLR 217 *(see, Solnick v Whalen,* 49 NY2d 224), the IAS court permitted petitioners time to serve a complaint in a declaratory judgment action asserting such constitutional arguments.

Petitioners contend that none of these causes of action is barred by a Statute of Limitations since regulation 62 imposes a "continuing violation of statutory law". However, causes of action such as these (except for the constitutional claims) have always "been recognized as a proper ground for CPLR article 78 relief from the particular administrative action taken pursuant to the allegedly invalid regulation" *(New York State Assn. of Counties v Axelrod,* 150 AD2d 845, 847 *lv dismissed* 75 NY2d 765). Accordingly, the four-month Statute of Limitations (CPLR 217) is applicable to those causes of action. Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.