In the Matter of NEW YORK STATE CONFERENCE OF BLUE CROSS AND BLUE SHIELD PLANS, Appellant, v WENDY E. COOPER, as Acting Superintendent of Insurance of the State of New York, Respondent.

Third Department, December 31, 1991

**APPEARANCES OF COUNSEL**

*Hinman, Straub, Pigors & Manning, P. C. (Bartley J. Costello III, Eileen M. Considine* and *Beverly Cohen* of counsel), for appellant.

*Robert Abrams, Attorney-General (Leslie B. Neustadt* of counsel), for respondent.

**OPINION OF THE COURT**

MIKOLL, J.

■ The primary issue presented on this appeal is whether Supreme Court properly dismissed the petition (which alleged 10 causes of action challenging respondent's approval of a trust agreement providing for the distribution of excess trust fund moneys) as time barred pursuant to the four-month

limitations period contained in CPLR 217. In our view Supreme Court correctly dismissed the petition; the judgment should therefore be affirmed.

The availability and costs of medical malpractice insurance and the solvency of insurers supplying medical malpractice coverage has been a chronic problem in New York. The Medical and Dental Malpractice Reform Act of 1985 requires that, effective July 1, 1985, hospitals with emergency treatment facilities provide excess medical malpractice insurance coverage (hereinafter excess insurance coverage) to all physicians and dentists who request the coverage and have professional privileges at the hospital (L 1985, ch 294, § 19). This excess insurance coverage may be provided through either the purchase of an insurance policy or by providing equivalent excess insurance coverage in a form approved by respondent. Each hospital's costs for such excess insurance coverage are included in the reimbursement rates paid to the hospital by third-party payors, including petitioner's members and Medicaid (L 1986, ch 266, § 18). On November 15, 1985, respondent approved the Hospital Association of New York State (HANYS) trust agreement as providing equivalent excess insurance coverage. Paragraph 4 (D) of the trust agreement directs that trust fund moneys which are in excess of the trust fund balance required by respondent be distributed in a manner substantially different from the statutorily mandated distribution scheme for the policy funded excess insurance liability pool (see, L 1986, ch 266, § 18).

Petitioner filed a request with the Insurance Department under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for "[a]ll insurance policies, trust agreements and other evidences of coverage approved by the Department to provide excess medical malpractice insurance coverage". Thereafter petitioner and the Department disagreed as to the propriety of withholding certain documents as exempt from disclosure under FOIL. Petitioner's subsequent appeal from respondent's determination that the disputed documents were exempt from disclosure was denied.

On October 20, 1989 and February 9, 1990, petitioner requested that respondent delete paragraph 4 (D) of the HANYS trust agreement but received no response to these requests. In April 1990, petitioner commenced the instant CPLR article 78 proceeding charging that respondent acted arbitrarily, capriciously and unconstitutionally in adopting paragraph 4 (D) and abused its authority in setting excess insurance rates.

Supreme Court granted respondent's motion to dismiss the petition pursuant to CPLR 7804 (f) on the ground that the proceeding was barred by the expiration of the four-month limitations period contained in CPLR 217. This appeal ensued.

We initially reject petitioner's first argument that the causes of action are not barred by the expiration of the four-month limitations period found in CPLR 217 because a continuing wrong is involved (see, 509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48, 52-53). In our view respondent's acts of approving and upholding paragraph 4 (D) of the HANYS trust agreement were fully completed, separate, discrete acts which do not constitute a continuing wrong against petitioner (see, New York State Chiropractic Assn. v Superintendent of Ins. of State of N. Y., 170 AD2d 195, 196, lv denied 78 NY2d 856, appeal dismissed 78 NY2d 907; New York State Assn. of Counties v Axelrod, 150 AD2d 845, 847, lv dismissed 75 NY2d 765).

In the instant case, the third, seventh, ninth and tenth causes of action assert that respondent's approval of the HANYS trust agreement on November 15, 1985 and failure to delete paragraph 4 (D) as requested were arbitrary and capricious acts. However, as the approval of the HANYS trust agreement became final and binding on November 15, 1985, the four-month limitations period began to run on that date. Respondent's failure to delete paragraph 4 (D) from the HANYS trust agreement, as requested on October 20, 1989, did not serve to revive the already expired limitations period (see, Matter of Bonar v Shaffer, 140 AD2d 153, 156, lv denied 73 NY2d 702).

■ We also find no merit to petitioner's claim that because the first, second, fourth and eighth causes of action* assert constitutional violations relating to the taking of property without due process, substantive due process, separation of powers and equal protection, they should be converted to declaratory judgment actions and are subject to a six-year Statute of Limitations. Examination of these causes of action indicates that the constitutional claims challenge administrative determinations relating to respondent's acts approving and upholding paragraph 4 (D). Accordingly, the four-month limitations period governing CPLR article 78 proceedings is applicable (see, Solnick v Whalen, 49 NY2d 224, 229-232).

---

* Supreme Court apparently mistakenly designates cause of action eight as nine. We designate it as eight.

Therefore, as the limitations period began to run on November 15, 1985, when the HANYS trust agreement was approved and became binding, these constitutional claims are clearly barred by CPLR 217.

■ The fifth and sixth causes of action, asserting that the rate-setting process for certain years was tainted, without a rational basis and in excess of statutory authority, are either not reviewable or not timely commenced. These causes of action challenge individual rates and, as such, are governed by the four-month Statute of Limitations *(see, supra,* at 232), which begins to run as of the date the rates become final and binding *(Matter of Hospital Assn. v Axelrod,* 164 AD2d 518, 524). Here, petitioner, by failing to present evidence of excess insurance rates for the years 1986-1987, 1987-1988, 1988-1989, has failed to make a prima facie case in respect to those rates and review thereof cannot be had. The excess insurance rates for the year 1985-1986 became effective as of July 18, 1985 while those for the year 1989-1990 became effective as of July 28, 1989, both of which were more than four months prior to the commencement of this proceeding; thus, review of these rates is time barred.

■ We have considered petitioner's argument that respondent should be equitably estopped from raising the Statute of Limitations as a defense and find it without merit. Concerning petitioner's claim that respondent concealed petitioner's cause of action by not revealing the HANYS trust agreement in response to petitioner's FOIL request, we note that petitioner did not specifically request disclosure of trust agreements providing approved *equivalent* excess insurance coverage and respondent therefore did not have to disclose such document. As there was no concealment of the cause of action in the manner alleged by petitioner, the doctrine of equitable estoppel does not apply here *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C201:6, at 63).

MAHONEY, P. J., YESAWICH JR., MERCURE and HARVEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.