*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 6, 2015                519509
_____

VAN ETTEN OIL CO., INC., et al.,
                    Respondents,
          v                                MEMORANDUM AND ORDER

AERO STAR PETROLEUM, INC., et
    al.,
                    Appellants.
_____

Calendar Date:   June 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                        _____


        Rusk Wadlin Heppner & Martuscello, LLP, Kingston (Dennis B.
Schlenker, Albany, of counsel), for appellants.

        Steven N. Mogel, Monticello, for respondents.

                        _____


Devine, J.

        Appeal from an order and two amended orders of the Supreme
Court (Schick, J.), entered September 24, 2013, October 1, 2013
and November 1, 2013 in Sullivan County, which denied defendants'
motion for summary judgment dismissing the complaint.

        Plaintiffs owned service stations and had wholesale
franchise rights to sell branded gasoline to several independent
stations.  Defendant Aero Star Petroleum, Inc. agreed to purchase
several stations and the wholesale franchise from plaintiffs, and
subsequent negotiations led to the execution of an asset purchase
agreement in October 2012.  Aero Star committed to paying
plaintiffs, in consideration for the wholesale franchise, four
cents for every gallon of gasoline it sold to the independent
stations over the course of the year following the execution of

the agreement.  The agreement went on to provide that, "[i]n the event [plaintiffs are] unable to deliver valid, currently existing supply contracts together with estoppel certificates for the aforementioned [independent stations] or, in the event any such supply contract . . . shall be terminated . . . then . . . any reimbursement obligation of [Aero Star] to [plaintiffs] shall simultaneously end upon the happening of the final delivery of motor fuels under any such contract, written or casual agreement."  After post-execution discussions, that provision was amended to state that the reimbursement obligation would cease "upon the happening of the final delivery of motor fuels under any such <u>contract, written agreement</u>" (emphasis added).

Plaintiffs did not turn over valid, written supply contracts within the time allowed by the agreement and, as such, Aero Star advised in February 2013 that it would not reimburse them for any sales made to the independent stations.  Plaintiffs responded by commencing this action against Aero Star and its president, defendant Tariq Gujar, asserting a claim for breach of contract and sundry others.  Defendants served an answer and thereafter moved for summary judgment dismissing the complaint, arguing solely that Aero Star had no legal obligation to make the reimbursement payments given the language of the amended agreement.[1]  Supreme Court found questions of fact as to that issue and denied the motion, prompting this appeal.

We affirm.  It is well settled that "[a] written agreement that is clear and complete on its face must be enforced according to the plain meaning of its terms" (<u>Matter of Warner v Board of Educ., Cobleskill-Richmondville Cent. Sch. Dist.</u>, 108 AD3d 835, 836 [2013], <u>lv denied</u> 22 NY3d 859 [2014]; <u>see</u> <u>Samuel v Druckman & Sinel, LLP</u>, 12 NY3d 205, 210 [2009]).  In order to determine whether the terms of an agreement are ambiguous, a court must "examine the entire contract and consider the relation of the

---

[1]  Defendants' motion for summary judgment was branded as a cross motion, as plaintiffs had previously moved for a preliminary injunction.  Plaintiffs withdrew their motion, however, and Supreme Court was only asked to resolve the motion for summary judgment.

parties and the circumstances under which it was executed" (Matter of Warner v Board of Educ., Cobleskill-Richmondville Cent. Sch. Dist., 108 AD3d at 836 [internal quotation marks and citations omitted]). "When the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment" (Leon v Lukash, 121 AD2d 693, 694 [1986] [citations omitted]; accord 1000 N. of N.Y. Co. v Great Neck Med. Assoc., 7 AD3d 592, 593 [2004]).

As to the circumstances surrounding the execution of the agreement, the signatories were fully aware that the written supply contracts for the independent stations had expired. The language of the agreement reflects that reality, providing for a remedy if plaintiffs failed to deliver valid supply contracts or those contracts were otherwise terminated. Inasmuch as the independent stations were continuing to purchase gasoline in the absence of a written supply contract, however, the agreement only relieved Aero Star of its obligation to reimburse plaintiffs for the sales "upon the happening of the final delivery . . . under any such contract, written or casual agreement." Aero Star, in short, was required by this language to reimburse plaintiffs if the informal purchases of fuel by the independent stations continued. Aero Star thereafter obtained the consent of plaintiffs to eliminate "or casual" from that provision. This alteration left a murky sentence proclaiming that the reimbursement obligation of Aero Star would end when a final delivery was made "under any such contract, written agreement." A conjunction of some sort is required to make sense of this phrase and reveal when the reimbursement obligation of Aero Star ceases, namely, when the last delivery is made under either a contract that is also a written agreement, or when it is made under any contract or written agreement. Accordingly, even assuming that the necessary "and" or "or" could be supplied as a matter of interpretation (see Matter of Wallace v 600 Partners Co., 86 NY2d 543, 547-548 [1995]), the agreement as a whole is unclear as to which was intended. Given the ambiguity in the agreement as to whether the absence of written supply contracts would permit Aero Star to cease reimbursement payments, questions of fact preclude a grant of summary judgment to defendants (see Shields v Carbone, 78 AD3d 1440, 1444 [2010]).

Defendants' remaining arguments were not raised in their motion papers, and "we will not address [them] for the first time on appeal" (Dinneny v Allstate Ins. Co., 295 AD2d 797, 799 [2002]; see Voorheesville Rod & Gun Club v Tompkins Co., 82 NY2d 564, 570 n 1 [1993]; Jones v Castlerick, LLC, 128 AD3d 1153, 1154 [2015]; compare Welch v Di Cicco, 9 AD3d 725, 727 [2004]).

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.


ORDERED that the order and amended orders are affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court