Matter of Agostini v Elia (2020 NY Slip Op 01535)





Matter of Agostini v Elia


2020 NY Slip Op 01535


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

527579

[*1]In the Matter of Rubnelia Agostini et al., Appellants,
v
Maryellen Elia, as Commissioner of Education, et al., Respondents.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Education Law Center, Newark, New Jersey (Wendy Lecker of counsel), for appellants.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for Commissioner of Education, respondent.
Zachary W. Carter, Corporation Counsel, New York City (Kathy Park of counsel), for New York City Department of Education and others, respondents.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered September 4, 2018 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Commissioner of Education dismissing petitioners' challenge to respondent New York City Department of Education's class size reduction plan for certain school years.
In April 2007, the Legislature enacted Education Law § 211-d (see L 2007, ch 57, part A, § 12), also known as the Contract for Excellence law, to provide additional state funding to certain school districts that have "at least one school identified as in corrective action or restructuring status or as a school requiring academic progress" (Education Law § 211-d [1] [a]). Pursuant to Education Law § 211-d, qualifying school districts are required to develop a contract for excellence (hereinafter CFE), demonstrating how these additional funds will be spent on allowable activities, including class size reduction (see Education Law § 211-d [1], [2] [b] [i]; [3] [a]; 8 NYCRR 100.13 [c] [2]; Matter of Shaw v King, 123 AD3d 1317, 1318 [2014]).
In November 2007, respondent New York City Department of Education (hereinafter NYCDOE) submitted a CFE to respondent Commissioner of Education for review, which included, among other things, a five-year class size reduction plan (hereinafter the 2007 class size plan). The Commissioner approved this CFE later that month. In November 2008, the 2007 class size plan was amended to include additional provisions for the 2008-2009 school year, including, among other things, prioritizing allocations for class size reduction. In 2010, however, an economic recession resulted in a shortfall in state funding and, as a result, NYCDOE was no longer receiving an increase in total foundation aid to support any new expenditures for the Contract for Excellence program. Given the recession's effect on state and city budgets, in February 2010, the Commissioner authorized NYCDOE to suspend the class size plan outlined for the 2008-2009 school year and approved a CFE for the 2010-2011 school year that focused solely on 75 low-performing schools that had large class sizes (hereinafter the 2010 class size plan). In February 2011, NYCDOE certified that it had fulfilled its target goals set forth in the 2010 class size plan for the subject schools. NYCDOE thereafter continued to submit a CFE for each ensuing school year, which have all subsequently been approved by the Commissioner.
In June 2017, petitioners — two education advocacy organizations and the parents of nine children who attend NYCDOE schools — filed an administrative petition with the Commissioner pursuant to Education Law § 211-d (2) (b) (ii), alleging that the NYCDOE, respondent Chancellor of the NYCDOE and respondent New York City Board of Education violated the requirements of Education Law § 211-d by (1) failing to implement the 2007 class size plan, (2) failing to reduce class sizes to the targets set forth in the 2007 class size plan and (3) failing to revise NYCDOE's capital plan to conform to the 2007 class size plan. In December 2017, the Commissioner dismissed the administrative petition finding that it was moot, untimely and without merit.
In April 2018, petitioners commenced this CPLR article 78 proceeding seeking to (1) annul the Commissioner's determination, (2) order NYCDOE to begin reducing class size averages in accordance with the 2007 class size plan by the 2018-2019 school year, or, in the alternative, submit and obtain the Commissioner's approval of an amended or alternative class size reduction plan, and (3) order NYCDOE to align the capital plan with the class size averages in the 2007 class size plan or an alternative plan. In August 2018, Supreme Court dismissed the petition, finding that the Commissioner properly determined that the administrative challenge was moot, untimely and lacked merit. Supreme Court further determined that petitioners were not entitled to a writ of mandamus as the actions petitioners sought respondents to perform were discretionary and not ministerial. Petitioners appeal, and we affirm.
Supreme Court correctly concluded that the Commissioner properly dismissed the petition as being both moot and untimely. With respect to mootness, petitioners administrative appeal is moot for two reasons. First, the 2007 class size plan was amended in November 2008 and, thereafter, was suspended in 2010, with the approval of the Commissioner, based upon the severity of the economic recession and the corresponding effect that it had on state and city budgets. The 2010 class size plan was then approved, which focused solely on the 75 lowest performing schools and did not include all of the same objectives previously set forth in the 2007 class size plan (see generally Matter of NRG Energy, Inc. v Crotty, 18 AD3d 916, 918-919 [2005]). Second, by regulation, the 2007 class size plan expired, pursuant to its own terms, at the end of the 2011-2012 school year (see 8 NYCRR 100.13 [b] [1] [vi]; see also Education Law § 211-d [2] [b] [ii]) and was thereafter superseded by approved CFEs for each of the ensuing school years. Accordingly, given the subsequent amendments to the 2007 class size plan and the fact that it expired and was subsequently superseded, petitioners' administrative challenge was rendered moot.
Petitioners' administrative challenge was also untimely. As relevant here, "[a]n appeal to the [C]ommissioner must be instituted within 30 days from the making of the decision or the performance of the act complained of" (8 NYCRR 275.16). Petitioners filed their administrative challenge with the Commissioner in June 2017 — more than five years after the conclusion of the 2011-2012 school year. Thus, to the extent that petitioners challenge the alleged failure to implement the 2007 class size plan for the 2008-2009, 2009-2010, 2010-2011 or 2011-2012 school years, their argument is untimely since no such claim was made within the prescribed time frame and no good cause was otherwise provided to excuse the substantial delay in commencing an administrative challenge. To the extent that petitioners contend that respondents had a "continuous duty" to implement the 2007 class size plan such that their administrative challenge was, in fact, timely, we reject said argument, as the controlling regulation explicitly requires the 2007 class size goals to be achieved "by the end of the 2011-2012 school year" (8 NYCRR 100.13 [b] [1] [vi] [c]; see Education Law § 211-d [2] [b] [ii]) and the acts of approving the CFE are completed, separate and discrete acts, "which do not constitute a continuing wrong against petitioner[s]" (Matter of New York State Conference of Blue Cross & Blue Shield Plans v Cooper, 173 AD2d 60, 63 [1991]). Accordingly, we find that Supreme Court's determination upholding the Commissioner's dismissal of petitioner's administrative challenge as both moot and untimely was proper. In light of our holding, the parties' remaining claims are academic.[FN1]
Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioners concede in their reply brief that, contrary to Supreme Court's interpretation of the petition, they are not seeking a writ of mandamus. Given petitioners' concession, we find this request to have been abandoned.