Edw Drywall Constr., LLC v U.W. Marx, Inc. (2020 NY Slip Op 07255)





Edw Drywall Constr., LLC v U.W. Marx, Inc.


2020 NY Slip Op 07255


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

529276

[*1]Edw Drywall Construction, LLC, Respondent,
v
U.W. Marx, Inc., et al., Appellants, et al., Defendant.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Mastropietro Law Group, PLLC, Saratoga Springs (John P. Mastropietro of counsel), for appellants.
Couch White, LLP, Albany (Donald J. Hillmann of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (McNally Jr., J.), entered May 20, 2019 in Rensselaer County, which, among other things, granted plaintiff's cross motion for partial summary judgment on its first cause of action and for summary judgment on its second, fourth and fifth causes of action.
On July 7, 2016, defendant U.W. Marx, Inc., a general contractor, entered into a subcontract for plaintiff to furnish and install sheetrock in connection with the renovation of a 126-unit apartment complex located in the Town of Liberty, Sullivan County. As part of the subcontract, plaintiff was required to provide U.W. Marx with certificates of insurance demonstrating that it had procured, as relevant here, commercial general liability insurance (hereinafter CGLI) naming, among others, U.W. Marx as an additional insured. Following receipt of plaintiff's insurance certificates, U.W. Marx discovered that plaintiff's CGLI did not provide coverage for bodily injury claims related to Labor Law §§ 240 and 241.[FN1] In an effort to avoid a dispute and/or delay on the project, on July 20, 2016, U.W. Marx agreed to pay, on plaintiff's behalf, the $52,678.03 premium associated with obtaining a replacement CGLI policy that provided coverage for bodily injury for Labor Law liability. In October 2016, the insurance carrier unilaterally cancelled this replacement policy for reasons unrelated to this case. As a result, U.W. Marx informed plaintiff that it could not remain on the job site without proper CGLI and demanded that it provide a current insurance certificate demonstrating that it had procured a policy providing for bodily injury coverage under the Labor Law.[FN2] Plaintiff did not thereafter obtain a compliant CGLI policy and, instead, again provided U.W. Marx with certificates of insurance for policies that expressly excluded coverage for Labor Law liability. With no resolution to the parties' insurance dispute forthcoming, U.W. Marx informed plaintiff that, given its continued failure to procure a CGLI policy that covered bodily injury under the Labor Law, it was hiring third-party subcontractors to complete plaintiff's scope of work under the subcontract. In February 2017, U.W. Marx provided plaintiff with a final recap and reconciliation, itemizing the associated costs and charges for the project, indicating that plaintiff owed it $7,415.92.
Plaintiff thereafter commenced this action against, among others, U.W. Marx and its surety, defendant General Casualty Company of Wisconsin (hereinafter GCCW), alleging causes of action for, as relevant here, wrongful termination, breach of contract, mechanic's lien foreclosure and recovery against a surety bond.[FN3] GCCW answered and U.W. Marx separately answered and asserted a [*2]counterclaim for, among other things, breach of contract. Following joinder of issue, U.W. Marx and GCCW (hereinafter collectively referred to as defendants) moved for partial summary judgment on the issue of liability on U.W. Marx's breach of contract counterclaim and, correspondingly, for summary judgment dismissing the complaint against GCCW. Plaintiff opposed the motion and cross-moved for partial summary judgment on the issue of liability with respect to its first cause of action for wrongful termination and for summary judgment on its second cause of action for breach of contract, fourth cause of action to foreclose on its mechanic's lien and fifth cause of action for recovery against surety bond. Supreme Court denied defendants' motion and granted plaintiff's cross motion, determining that plaintiff did not breach the subcontract and, therefore, U.W. Marx wrongfully terminated plaintiff for failing to maintain adequate insurance coverage. Supreme Court also determined that the mechanic's lien that plaintiff filed was valid and, given that U.W. Marx filed a surety bond for the purpose of discharging said lien, plaintiff was also entitled to judgment against GCCW. Defendants appeal.
On a motion for summary judgment, it is the moving party's burden to establish its prima facie entitlement to judgment as a matter of law by presenting sufficient evidence demonstrating the absence of any material questions of fact (see Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Once a prima facie case has been established, the burden shifts to the party opposing the motion to demonstrate the existence of a material issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In order to establish a cause of action for breach of contract, "a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach" (Adirondack Classic Design, Inc. v Farrell, 182 AD3d 809, 811 [2020]). It is well settled that a contractual agreement "that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Matter of Olszewski v Cannon Point Assn., Inc., 148 AD3d 1306, 1309 [2017] [internal quotation marks and citations omitted]). The failure of a party to comply with a contractual insurance procurement provision constitutes a material breach of contract (see Kinney v Lisk Co., 76 NY2d 215, 219 [1990]; Spector v Cushman & Wakefield, Inc., 100 AD3d 575, 575 [2012]); however, "[w]hen the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment" (Van Etten Oil Co., Inc. v Aero Star Petroleum, Inc., 131 AD3d 740, 741-742 [2015] [internal quotation marks and citations omitted]).
In support of their motion for partial summary judgment as to liability on the breach of contract counterclaim, defendants submitted, among other things, a copy of the subcontract between plaintiff and U.W. Marx, plaintiff's CGLI and umbrella insurance policies and the affidavit of U.W. Marx's director of operations. With respect to plaintiff's obligation to procure CGLI, section 13.1 of the subcontract provides that plaintiff, "at its sole cost and expense, shall maintain and keep in full force and effect" insurance coverage for CGLI, including certain minimum limits for "bodily injury" as stated in the endorsement contained in Exhibit B of the subcontract both "for itself and all additional insureds." Plaintiff procured a CGLI policy and provided insurance certificates to U.W. Marx; however, upon review, U.W. Marx discovered that plaintiff's policy excluded coverage for bodily injuries incurred under the Labor Law. Although U.W. Marx brought this discrepancy to plaintiff's attention, it ultimately agreed to purchase, on plaintiff's behalf, CGLI that provided coverage for bodily injuries resulting from [*3]Labor Law liability. In October 2016, the insurance carrier cancelled this policy and plaintiff thereafter refused to procure a replacement policy that included said coverage.[FN4] At his deposition, the director of operations for U.W. Marx testified that U.W. Marx considered obtaining "bodily injury" coverage to be synonymous with obtaining coverage for "Labor Law liability" such that it believed plaintiff was contractually required to both procure and maintain same.[FN5]
In opposition to defendants' motion and in support of its cross motion for summary judgment, plaintiff submitted a copy of the subcontract and the affidavit of its project administrator. According to plaintiff's project administrator, inasmuch as the subcontract did not specifically reference coverage for Labor Law liability nor did it bar plaintiff from obtaining CGLI that specifically excluded coverage for same, plaintiff procured a policy that excluded bodily injury coverage for Labor Law liability since it believed that it was not contractually obligated to purchase same. The project administrator acknowledged, however, that liability for Labor Law injuries was specifically discussed during negotiations with U.W. Marx and that the responsibility for liability in this regard continued to shift as various drafts of the subcontract were exchanged between plaintiff and U.W. Marx.
Ultimately, it is not clear from the four corners of the subcontract whether the requirement that plaintiff procure CGLI covering "bodily injury" encompassed the specific requirement that it procure bodily-injury coverage for Labor Law liability. Further, the fact that the subcontract did not preclude plaintiff from purchasing a CGLI policy that specifically excluded coverage for Labor Law liability is not controlling as to whether such coverage was required by the subcontract in the first instance. Thus, the subcontract is ambiguous with respect to the whether plaintiff was required to maintain CGLI that covered Labor Law liability. Moreover, upon review, there is insufficient extrinsic evidence in the record for us to discern from the parties' conduct whether such coverage was contemplated in the subcontract or whether U.W. Marx and plaintiff subsequently agreed to modify the terms of the subcontract to require same. Accordingly, Supreme Court erred in granting summary judgment in favor of plaintiff on its second cause of action for breach of contract, as a question of fact [*4]remains as to whether plaintiff was contractually required to procure and maintain coverage for Labor Law liability and, in turn, whether its failure to procure same constituted a breach of contract (see Van Etten Oil Co., Inc. v Aero Star Petroleum, Inc., 131 AD3d at 742; Prevost v One City Block LLC, 155 AD3d 531, 536 [2017]).[FN6]
Finally, inasmuch as plaintiff's causes of action for wrongful termination, foreclosure of mechanic's lien and recovery against a surety bond all hinge on whether U.W. Marx had the contractual right to demand that plaintiff procure bodily injury coverage for Labor Law liability, we must correspondingly reverse Supreme Court's grant of partial summary judgment as to liability on plaintiff's first cause of action and its grant of summary judgment on its fourth and fifth causes of action. To the extent not specifically addressed, the parties' remaining contentions have been rendered academic or have been reviewed and found to be without merit.
Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendants U.W. Marx, Inc. and General Casualty Company of Wisconsin, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: Plaintiff's policy did not exclude coverage for all bodily injuries, as it did provide coverage for injuries to passersby, visitors, tenants of the apartment complex and other third parties not otherwise specifically excluded.

Footnote 2: U.W. Marx also demanded a refund of the $37,330.20 pro rata premium refund that plaintiff received following the cancellation of the policy by the insurance carrier, but plaintiff refused.

Footnote 3: On March 22, 2018, plaintiff voluntarily discontinued the action against defendant Golden Park Apartments, LLC.

Footnote 4: The insurance carrier cancelled the replacement policy because it determined that the project was partially funded by public monies thereby triggering a "municipal exclusion" within the policy that precluded coverage for such government sponsored projects.

Footnote 5: In an October 16, 2016 email to plaintiff, the director of operations for U.W. Marx indicated his initial belief that he did not think that insurance coverage for Labor Law liability was required by the subcontract; however, at his examination before trial, he unequivocally testified that the initial assessment he made in that email was wrong.

Footnote 6: To the extent that defendants also argue that plaintiff breached the subcontract by failing to obtain an adequate umbrella policy, they concede in their reply brief that the parties' modified the coverage limit on the umbrella policy and, therefore, we find any such argument to have been abandoned (see Matter of Agostini v Elia, 181 AD3d 1013, 1016 n [2020]).