■ Michael Levin, an Infant, by His Father and Natural Guardian, William Levin, et al., Appellants, v Board of Education, Union Free School District No. 1, County of Eastchester, et al., Respondents. (And a Third-Party Caption.)—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered July 1, 1975, which is in favor of defendants and the third-party defendant upon the dismissal of plaintiffs' complaint as against the defendant Town of Eastchester during the course of trial and as against the remaining defendants at the close of plaintiffs' case, at a jury trial. Appeal from so much of the judgment as is in favor of the defendant Town of Eastchester dismissed, without costs or disbursements. Plaintiffs having consented upon the trial to the motion by the defendant Town of Eastchester for the dismissal of the complaint as against it, no appeal lies from such dismissal as plaintiffs are not aggrieved parties within the meaning of CPLR 5511. Judgment otherwise reversed, on the law and in the interest of justice, and new trial granted as to all the parties and causes, except as between plaintiffs and the Town of Eastchester, with costs to abide the event. No fact findings have been brought up for review. The trial court

dismissed the complaint on the ground that the infant plaintiff had assumed the risk of injury, as a matter of law, as he had knowledge of the dangerous condition present in the pole vault landing pit. Under the circumstances, we find that the evidence presented a question of fact as to whether the infant plaintiff assumed the risk of injury or was guilty of contributory negligence. It was, consequently, error for the trial court to dismiss the complaint as a matter of law (see *Rossman v La Grega,* 28 NY2d 300; *Frank v Howard Coop. Corp.,* 47 AD2d 920; *Cesario v Chiapparine,* 21 AD2d 272). Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.