■ CATHERINE S. KADRAGIC, Respondent, v STATE UNIVERSITY OF NEW YORK et al., Appellants.—In an action, *inter alia,* for a judgment declaring, *inter alia,* that defendants failed to grant plaintiff a continuing appointment to the faculty of the Long Island Regional Learning Center for constitutionally impermissible reasons, defendants appeal from an order of the Supreme Court, Suffolk County, entered November 3, 1979, which denied their motion for summary judgment. Order affirmed, without costs or disbursements. Plaintiff, an untenured pedagogue, claims she had an "entitlement" to be appointed co-ordinator of the Hauppauge satellite of the Long Island Regional Learning Center to serve the academic needs of the county employees working there. She bases this claim on an alleged promise made to her by defendant Dean Corwin and on an alleged policy of the institution that the person instrumental in initiating and developing a "satellite" could elect to become its co-ordinator. The only one of plaintiff's several claims which we find persuasive is that she was denied a continuing appointment in retaliation for the exercise of her constitutional rights, i.e., the right to her own political beliefs. We hold that she has introduced evidence sufficient to entitle her to a trial upon the issue of whether such appointment was denied to her for constitutionally impermissible reasons (see *Perry v Sindermann,* 408 US 593). Defendants contend that the four-month Statute of Limitations (see CPLR 217) bars the instant action. This contention is without merit. The Statute of Limitations set forth in CPLR 217 does not apply to a declaratory judgment action contesting the constitutionality of an administrative act even though an article 78 proceeding might have been commenced as an alternative (see *Lutheran Church in Amer. v City of New York,* 27 AD2d 237; *Romer v Leary,* 425 F2d 186; *Swan v Board of Higher Educ.,* 319 F2d 56; 1 Weinstein-Korn-Miller, NY Civ Prac, par 217.03). Defendants also contend that the action must be dismissed as to defendant Hall. We disagree. While Hall may not be held on a *respondeat superior*

theory (see *Rizzo v Goode,* 423 US 362, 375-377; *Duchesne v Sugarman,* 566 F2d 817), plaintiff has shown enough to entitle her to a trial on the question of whether Hall was an actual party to the denial of her rights. Damiani, J. P., Gulotta, Cohalan and Margett, JJ., concur.