■ In the Matter of JEANNE C. ANDERSON, Petitioner, v GORDON M. AMBACH, as Commissioner of Education, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to annul a determination of the Commissioner of Education which suspended petitioner's license to practice nursing for one year, with the last 11 months of said suspension stayed. In February, 1979, petitioner, a registered nurse, was charged with practicing the profession of nursing fraudulently and with unprofessional conduct. The charges were based upon allegations that between June, 1975 and October, 1975, petitioner had unlawfully removed certain drugs, as well as hypodermic needles and syringes, from the hospital where she was employed. While represented by counsel, petitioner applied on

June 21, 1979, for a consent order whereby she would plead no contest to the charges and would agree to accept a one-year suspension, with such suspension being stayed on stated terms. The Regents Review Committee refused to accept such consent order. Subsequently, on July 2, 1981, petitioner again applied for the same consent order, with only the last 11 months stayed on stated terms. Respondents accepted this consent order and it was duly executed on October 5, 1981. In October, 1981, petitioner was informed by her current employer that she would lose her job if the suspension were to go into effect. In November, 1981, petitioner informed respondents of her intention to make an application to vacate the consent order. No formal application for this relief was made; rather, this proceeding was commenced. The proceeding must be dismissed. The sole determination we have to review was rendered on consent; accordingly, it cannot be held to be arbitrary or capricious. Moreover, since respondents' determination is based upon a consent order, petitioner is not aggrieved and this proceeding technically does not lie (cf. CPLR 5511; *Levin v Board of Educ.,* 54 AD2d 960). We note that petitioner could make a formal application to respondents to set aside the consent order. If denied, she could then seek judicial review. Although petitioner indicates she was informed that there was no procedure to have the consent order set aside, the Attorney-General suggests otherwise in his brief. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.