■ In the Matter of JEANNE C. ANDERSON, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to review a determination of the Commissioner of Education which denied petitioner's application for reconsideration of a prior order suspending petitioner's license to practice nursing. In February, 1979, petitioner, a registered nurse, was charged with professional misconduct (Education Law, § 6509, subds [2], [9]) based on underlying allegations of unlawfully removing the controlled substance Demerol, hypodermic needles, and syringes from the hospital at which she worked. Thereafter, rather than proceed to a hearing, petitioner twice applied for a consent order (8 NYCRR 17.5), stating each time in her supporting affidavits that she would not contest the charges against her. Her first application was denied. The second, in which she further agreed to a penalty of a one-year suspension, with the last 11 months stayed, and one year of probation, was approved by the Board of Regents, and on October 5, 1981 the consent order was signed by the Commissioner of Education. On November 18, 1981, however, petitioner informed respondents that she had decided to disavow the consent order because she had learned from her employer that she would lose her job if she were suspended. The order was nonetheless served on her on February 10, 1982. Petitioner then initiated a CPLR article 78 proceeding in this court to annul the order. We dismissed the petition on the basis that the order was made on petitioner's consent, and noted that petitioner could apply to respondents to set aside the order (*Matter of Anderson v Ambach,* 89 AD2d 657, mot for lv to app den 57 NY2d 956). Thereafter, petitioner made an application for reconsideration to the Board of Regents, pursuant to 8 NYCRR 3.3 (f). A review committee of the board considered petitioner's claims and unanimously recommended that her

application be denied. The board accepted this recommendation, and on November 29, 1982 the Commissioner of Education executed an order denying the application for reconsideration. The instant CPLR article 78 proceeding followed. Petitioner contends that the commissioner's determination was arbitrary and capricious on three grounds: (1) that her original counsel incorrectly told her that a unanimous, rather than a four-fifths, vote of the hearing panel was required for its determination (Education Law, § 6510, subd 3, par d); (2) that her original counsel misinformed her as to the effect on her employment of a one-month suspension and, therefore, she had not expected to lose her job; and (3) that she is innocent of the underlying charges. An application for reconsideration of a determination of the Board of Regents in a disciplinary proceeding will not be granted unless there is "a showing that the determination was rendered under a misunderstanding as to the facts, or was based on an error of law, or that there is new and material evidence which was not previously available, or that the circumstances have occurred subsequent to the original determination which warrant a reconsideration of the measure of discipline" (8 NYCRR 3.3 [f]). In the instant case, no mutual mistake of the law or the facts occurred (see *Brauer v Central Trust Co.*, 77 AD2d 239, 243, mot'for lv to app den 52 NY2d 703). The board clearly did not base its determination on any error of law; the mistake as to the number of hearing panel members who must agree on a determination was solely on petitioner's part. We cannot say that it was irrational for the commissioner to decide that a licensed professional's agreement to a consent order on the basis of erroneous information from her attorney is not the kind of error of law that the regulation contemplates. Similarly, petitioner's misunderstanding as to the effect of the consent order on her employment was also a unilateral mistake on her part. Petitioner characterizes this misunderstanding as "circumstances [which] have occurred subsequent to the original determination". Again, however, it was not irrational for the commissioner to decide that, in order to warrant a reconsideration, new circumstances must be pertinent to the determination of the petitioner's guilt or innocence and not, as here, only to the sanction imposed. As for petitioner's allegation that she is innocent of the underlying charges, this claim does not satisfy any of the four requirements for reconsideration set forth in 8 NYCRR 3.3 (f). Therefore, the commissioner's denial of petitioner's application for reconsideration had a rational basis and was not arbitrary or capricious. Petitioner also alleges that the denial of her application should be annulled because it does not contain any findings. Since the grant or denial of an application for reconsideration is discretionary, our review here is limited to whether the commissioner abused his discretion (*Matter of Klabin [Catherwood]*, 30 AD2d 1005; *Matter of Crowley [Corsi]*, 275 App Div 977). Respondents' opposing papers justify dismissal of the application for reconsideration because petitioner's arguments did not meet any of the four requirements for reconsideration under 8 NYCRR 3.3 (f); specifically, that any misunderstandings of law or facts were entirely on the part of petitioner; that losing her job was not a circumstance relating to, and tending to exonerate her from, the initial charge of unprofessional conduct; and that her claim of innocence, in addition to being irrelevant to the regulation, was contradicted by admissions which petitioner had made to investigators in the case. An administrative determination in the exercise of discretion is sustainable if, as here, a rational basis for that determination is demonstrated in the agency's opposing papers (*Matter of McPartland v McCoy*, 35 AD2d 641, 642, revd on other grounds 32 NY2d 479). We have examined petitioner's other points and find them to be without merit. Accordingly, the determination should be confirmed, and the petition dismissed. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.