■ In the Matter of YIOUTI RESTAURANT, INC., Doing Business as DORIAN RESTAURANT, Appellant, v NEW YORK STATE TAX COMMISSION, Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered February 5, 1987 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

On or about December 30, 1983, petitioner purchased the assets of 10-01 50th Ave. Restaurant, Inc., and has, since that time, operated a restaurant at that location. By written notice dated December 30, 1983, petitioner informed the State Department of Taxation and Finance of its bulk purchase. Thereafter the Department notified petitioner that it was liable for sales and use taxes owed by 10-01 50th Ave. Restaurant, Inc. (see, Tax Law § 1141 [c]). Petitioner then sought a redetermination of the assessment. A conference with the Tax Appeals Bureau resulted in a confirmation of the original assessment. Following the conference, petitioner's president signed a form consenting to the determination and withdrawing its petition for administrative review. When the collection activity resumed, petitioner commenced this proceeding pursuant to CPLR article 78 to annul the Department's sales and use tax assessment. Respondent moved to dismiss the petition upon the grounds that (1) petitioner failed to exhaust its administrative remedies, (2) the petition fails to state a cause of action, and (3) the consent form signed by petitioner's president had effected a settlement of the case. Supreme Court granted respondent's motion and dismissed the petition. This appeal ensued.

The dispositive issue on this appeal is whether the petition was barred because of petitioner's failure to exhaust administrative remedies by withdrawing its application for review by respondent. The averments contained in the petition and affidavits submitted in opposition to the motion to dismiss do

not demonstrate that an exception to the exhaustion doctrine is applicable in the instant case (see, Matter of Grattan v Department of Social Servs., 131 AD2d 191, 193-194). The sole ground for annulment alleged in the petition is that the Department erred in imposing the sales and use tax assessment against petitioner in light of its "substantial compliance" with the notice requirement contained in Tax Law § 1141 (c). Petitioner concededly failed to comply with the statute's literal requirements that notification be given 10 days prior to a bulk transfer. Hence, whether petitioner's "substantial compliance" is sufficient to satisfy the statute cannot be resolved in petitioner's favor as a matter of law. Questions involving statutory interpretation and administrative policy must first be addressed to the administrative agency before they are properly before the courts (supra, at 195).

Petitioner also contends that its consent to the assessment was conditional and should not now be enforced since the condition was not fulfilled. However, this too is a matter which should have been raised before respondent in an application to be relieved of the consent and to be permitted to pursue an administrative hearing. In the absence of such a request, there was a failure to exhaust administrative remedies (see, Matter of Anderson v Ambach, 89 AD2d 657, 658, lv denied 57 NY2d 609) and the motion to dismiss the petition was properly granted.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.