■ In the Matter of WILLIAM S. GOLDSTEIN, Petitioner, v

GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which denied petitioner's application for reconsideration of a consent order.

Petitioner, a chiropractor, was charged with professional misconduct for allegedly submitting claims to an insurance company for services which he did not render. Petitioner filed claims with Aetna Life and Casualty Company indicating that he had treated Dermot Doctrove 14 times between February 2, 1984 and March 23, 1984 when, in fact, petitioner had apparently only treated Doctrove on 2 or 3 occasions during that period of time. In August 1986, petitioner applied to the Board of Regents for a consent order. He admitted that he was guilty of the charge and agreed to accept a 1-year suspension of his license (the last 11 months of which were to be stayed), 2 years' probation and a $2,500 fine. In October 1986, the Board of Regents voted to grant the consent order and imposed the agreed-upon discipline. On December 4, 1986, respondent Commissioner of Education executed an order effectuating the vote of the Board of Regents.

On December 16, 1986, petitioner sought reconsideration of the order and vacatur of the consent decree. Petitioner asserted that his former attorney, William Wood, was aware that Doctrove had purportedly suggested his willingness to change his story for an unspecified sum of money. Petitioner contended that this seriously affected the credibility of key testimony which would have been presented against him. Petitioner's motion was denied. This CPLR article 78 proceeding ensued.

Petitioner contends that Wood's failure to inform him that Doctrove was purportedly willing to commit perjury deprived him of effective assistance of counsel in determining whether to enter into the consent decree and thus that his motion for reconsideration should have been granted. Initially, we note that, except in narrowly defined circumstances, the right to effective assistance of counsel does not extend to administrative proceedings (*Matter of Sasson v Commissioner of Educ.*, 127 AD2d 875, 876). Assuming, without deciding, that an ineffective assistance claim is cognizable in the context of this proceeding, we nevertheless conclude that the Commissioner's determination must be confirmed.

An application for reconsideration of a determination in a

disciplinary proceeding will not be granted unless there is "a showing that the determination was based on an error of law, or that there is new and material evidence which was not previously available, or that circumstances have occurred subsequent to the original determination which warrant a reconsideration of the measure of discipline" (8 NYCRR 3.3 [f]). This court's review of a determination to grant or deny an application for reconsideration is limited to whether that determination was an abuse of discretion (*Matter of Anderson v Ambach,* 96 AD2d 631, 632, *lv denied* 60 NY2d 556).

Here, in support of his motion for reconsideration, petitioner submitted an affidavit from an investigator for Wood. The investigator, Ronald Bunn, stated that he contacted Doctrove on May 29, 1986 and that the substance of the conversation was as follows: "Bill [Wood] asked me to give you a call * * * to ask you if you remembered, beyond a reasonable doubt, exactly, how many visits you made to [petitioner's] office? Dermott *[sic]* [Doctrove] said 'Ron I'm pretty sure about the number of times I went to see [petitioner], because I keep a diary and I only show two visits, and, I can only remember seeing him twice.' " The next day the investigator again contacted Doctrove and he summarized the conversation as follows: "Dermott *[sic]* [said] 'I would hate to think that [petitioner] could lose his license because of what I said. I've spoken to a lawyer about all of this, and, he said that if I changed my statement that I should get some money for it.' "

Bunn then passed this information on to Wood. Wood directed that all communication with Doctrove be terminated. As was noted in the decision denying reconsideration, the statements Bunn alleged that Doctrove made support the conclusion that Doctrove only visited petitioner 2 times during the relevant period. It is reasonable to conclude that Wood recognized this and decided to proceed with the consent agreement rather than pursue a hearing in hopes that the Hearing Officer would not credit Doctrove's testimony. In light of the facts and circumstances known to him, Wood's strategy was rational. The Commissioner's conclusion that petitioner's motion for reconsideration failed to show any of the prescribed criteria for the granting of such a motion was not an abuse of discretion.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Harvey and Mercure, JJ., concur.