■ In the Matter of THOMAS A. MASTANDUONO et al., Petitioners, v DEPARTMENT OF EDUCATION et al., Respondents.— Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review two determinations of respondent Commissioner of Education which, *inter alia,* suspended petitioner Thomas A. Mastanduono's license to practice pharmacy in New York for one year.

Petitioner Thomas A. Mastanduono, while on duty at petitioner Masta's Pharmacy, Inc., dispensed a noncontrolled cough medication pursuant to a physician's prescription which called for a more potent controlled medication without permission to make such substitution. Mastanduono was notified by respondent Department of Education that charges incident thereto were considered warranted. As a result of consultation between Mastanduono and the Department, Mastanduono applied to the Board of Regents for a consent order in which he would admit guilt of unprofessional conduct in violation of Education Law § 6509 (9) and 8 NYCRR 29.7 (a) (5) for "[u]sing or substituting without authorization one or more drugs in the place of the drug or drugs specified in a prescription" (8 NYCRR 29.7 [a] [5]). Mastanduono agreed to accept as a penalty a one-year suspension of his license, to be stayed, one-year probation and a $250 fine.

Mastanduono, as president and supervising pharmacist of Masta's Pharmacy, also applied for a consent order on its

behalf admitting guilt of unprofessional conduct and agreed to accept on behalf of Masta's Pharmacy a censure and reprimand as well as a $250 fine. Respondent Commissioner of Education in two decisions duly accepted the consent orders and they became effective on January 18, 1989.

Petitioners then commenced this proceeding alleging unlawful procedure, denial of due process and excessive penalty. Both determinations to be reviewed here were rendered on consent. Since the determinations were based upon consent orders, petitioners are not aggrieved and the determinations are not subject to review by this court (see, CPLR 5511; *Matter of Anderson v Ambach,* 89 AD2d 657, 658, *lv denied* 57 NY2d 609).

Despite the fact that petitioners for the first time in their reply brief contend that they attempted to withdraw the consent orders entered, the record is bereft of any such application. It appears that an unsuccessful application for reconsideration was made, the denial of which does not affect our determination.

Petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

