■ In the Matter of RICHARD K. STECK et al., Petitioners, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—
Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent directing, *inter alia*, petitioners to cease receiving any construction and demolition wastes.

Petitioners are the owners and operators of a construction and demolition waste landfill in the Town of Smithtown, Suffolk County. They brought this CPLR article 78 proceeding to challenge respondent's determination (1) finding that petitioners violated the terms of their permit and 6 NYCRR former part 360, (2) assessing a $45,000 civil penalty, and (3) directing closure and remediation of petitioners' landfill. Respondent counterclaimed for judgment in the amount of the civil penalty and enforcement of respondent's administrative order. Supreme Court transferred the proceeding to this court because of the existence of a substantial evidence question *(see,* CPLR 7804 [g]).

The Department of Environmental Conservation (hereinafter DEC) issued petitioners a permit to construct and operate their landfill in April 1983. Prior to the May 1, 1984 expiration date of the permit, petitioners applied for a renewal permit. Because of DEC's failure to act on the application within the 15-day period prescribed by ECL 70-0115 (2) (a), petitioners brought a CPLR article 78 proceeding in Supreme

Court, Suffolk County, to compel issuance of the permit. In defense of the proceeding, DEC averred that its March 18, 1985 request for additional information had extended its time to rule on petitioners' application. DEC also moved for a preliminary injunction restraining further operation of the landfill pending determination of the proceeding, contending that operation of the site was dangerous to the environment, that the site had been operated in violation of the terms of the original permit and that continued operation of the site without a permit was contrary to law.

By order dated November 8, 1985, Supreme Court (1) granted the petition, specifically rejecting DEC's defense and finding that petitioners' application was deemed approved and the permit was granted by operation of law on March 18, 1985, (2) denied DEC's motion for a preliminary injunction, and (3) directed DEC to issue the requested renewal permit "subject to any standard terms or conditions applicable to such a permit". On February 20, 1986, DEC issued a renewal permit which imposed conditions, among others, requiring the impermeable capping of the landfill and the monitoring of groundwater, surface water and perimeter gas. By letters dated March 4, 1986 and March 19, 1986, petitioners "rejected" the permit upon the ground that the conditions imposed did not constitute "standard terms or conditions" and demanded that DEC issue a permit in conformity with Supreme Court's order. DEC refused to accede to this demand.

Petitioners' first contention in this proceeding is that the February 1986 renewal permit is void and unenforceable and that they were not required to satisfy those of its terms and conditions which were not "standard". Respondent counters that even if the permit failed to comply with Supreme Court's order, petitioners' current challenge is untimely. We agree. A party who claims to be aggrieved by an agency's issuance of a permit or license may not safely ignore the challenged terms or conditions. Rather, the aggrieved party's remedy is to bring a CPLR article 78 proceeding within the requisite limitations period, in this case four months *(see,* CPLR 217), commencing at the time of issuance of the permit *(see, Green Is. Assocs. v Adirondack Park Agency,* 131 Misc 2d 1021, 1026-1027; *see also, Bitondo v State of New York,* 182 AD2d 948 [decided herewith]; *Matter of Metropolitan Package Store Assn. v Duffy,* 143 AD2d 832, 833, *lv denied* 73 NY2d 705; *cf., Matter of Lehner v Humphreys,* 156 AD2d 867, 868) or, at the very latest, at the time of the agency's refusal to accede to the party's demand *(see, Matter of Waterside Assocs. v New York State Dept.*

*of Envtl. Conservation,* 72 NY2d 1009, 1010-1011). By either standard, the limitations period for petitioners' challenge to the renewal permit expired in 1986 and is, thus, untimely.

We also reject petitioners' second contention, that all allegations of misconduct prior to November 8, 1985 are barred by the doctrine of res judicata. The cornerstone for this argument is the fundamentally false premise that, in denying DEC's motion for a preliminary injunction, Supreme Court necessarily determined that petitioners had not operated their landfill in violation of the terms of their original permit. To the contrary, the sole basis for Supreme Court's determination was that, in failing to act upon petitioners' renewal application within the statutory time period, DEC was required to issue the permit regardless of whether petitioners had violated the terms of the original permit. Moreover, it is fundamental that the grant or denial of a temporary injunction does not constitute an adjudication on the merits and will not be given res judicata effect *(see, Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 402; *Papa Gino's v Plaza at Latham Assocs.,* 135 AD2d 74, 77). Similarly meritless is the contention that a purported July 11, 1984 stipulation between petitioners and DEC bars allegations of misconduct prior to its date. On this record, we are unable to determine what prior violations were resolved by the terms of the stipulation.

Finally, we reject the contention that there was not substantial evidence in the record to support certain of respondent's findings of violation. The testimonial and documentary evidence received in evidence at the hearing adequately supported each of the challenged findings.

Levine, J. P., Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, petition dismissed and matter remitted to the Supreme Court for further proceedings on respondent's counterclaim.