■ PETER J. BITONDO, Respondent-Appellant, v STATE OF NEW YORK et al., Respondents, and CHARLES J. MULLEN, as Cortland County Judge, Appellant-Respondent.—Mahoney, J. Cross appeals from a judgment of the Supreme Court (Ingraham, J.), entered July 22, 1991 in Cortland County, which, *inter alia,* partially granted plaintiff's motion for partial summary judgment and declared that defendants lacked authority to place an expiration date on plaintiff's pistol license.

Plaintiff filed an application for a pistol license in March 1978. While he initially sought an unrestricted license *(see,* Penal Law § 400.00 [2] [f]) for stated reasons of personal protection and self-defense, plaintiff completed the application proffering target and shooting practice as the reason for the request when he was advised that defendant County Judge (hereinafter defendant), the duly designated licensing officer for the issuance of pistol permits in Cortland County *(see,* Penal Law § 265.00 [10]), did not consider personal protection "proper cause" for the issuance of an unrestricted license (Penal Law § 400.00 [2] [f]) and would not issue an unrestricted license solely on that basis. The license was initially issued in June 1978, and, in addition to restricting its use to "sports and target meets or travel thereto", its duration was limited to four years. Plaintiff renewed the license upon its expiration in 1982 and again in 1986. Following its expiration in 1990, however, plaintiff sought to delete the target and shooting practice restrictions and to obtain an unrestricted license for the stated reason of personal protection. However, he met with the same resistance as before.

Believing that defendant lacked authority (1) to place a use

restriction on a pistol license, or (2) to place an expiration date on said license, plaintiff commenced this action before any action was taken on his application. Asserting four causes of action styled as declaratory judgment claims, plaintiff sought (1) a declaration that defendant lacks authority pursuant to Penal Law § 400.00 to attach use restrictions and durational limitations on a pistol license (plaintiff's first claim), (2) a declaration that defendant's practice of denying unrestricted pistol licenses for reasons of "personal protection" or "self defense" and imposing durational limitations on a license violates plaintiff's constitutional equal protection rights inasmuch as licensing officials in other counties have no such policies (plaintiff's second and third claims), and (3) a 42 USC § 1983 claim seeking injunctive relief (plaintiff's fourth claim). Injunctive relief was also sought in connection with the first three claims.

Following joinder of issue, plaintiff moved for partial summary judgment. Defendant cross-moved for dismissal asserting, *inter alia,* that Supreme Court lacked subject matter jurisdiction and that the claims were time barred. Supreme Court dismissed the fourth claim and those portions of the first, second and third claims seeking injunctive relief on the ground that such a remedy was not available in a declaratory judgment action. In addition, upon concluding that the four-month Statute of Limitations applied to the remaining declaratory judgment claims, the court dismissed the second and third claims as untimely, but sustained the first claim, reasoning that the limitations period accrued as to that claim in June 1990, the date the license expired; inasmuch as this action was commenced in September 1990, the first claim was timely. On the merits, Supreme Court held that defendant lacked statutory authority to place an expiration date on a pistol license. Defendant appeals from this ruling. Plaintiff cross-appeals from that part of the court's order dismissing its other claims.

In order to determine, as a threshold matter, whether the instant claims are timely, it must first be determined what is the applicable limitations period. Even assuming, arguendo, that a declaratory judgment action is an available vehicle for bringing these claims before a court, which itself is a questionable proposition *(see, Walsh v Andorn,* 33 NY2d 503, 507; *City of Rochester v Vanderlinde Elec. Corp.,* 56 AD2d 185, 187-188), such does not, ipso facto, mean that these claims are accorded the six-year Statute of Limitations of CPLR 213 (1). Rather, in determining the applicable limitations period for a declaratory

judgment action, it is necessary to examine the substance of the claim "to identify the relationship out of which the claim arises" and to determine "the relief sought" *(Solnick v Whalen,* 49 NY2d 224, 229). To the extent that "the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action" *(supra,* at 229-230; *see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 78 NY2d 194, 205).

The substance of plaintiff's first claim is that defendant's placement of time and manner restrictions on a pistol license is unauthorized under Penal Law § 400.00. Inasmuch as plaintiff could have challenged the 1986, 1982 and/or 1978 issuances of a restricted pistol license in a CPLR article 78 proceeding as "affected by an error of law" (CPLR 7803 [3]), in our view the four-month Statute of Limitations accorded to CPLR article 78 proceedings is applicable to this claim. The thrust of plaintiff's second and third claims is that defendant's *practice and policy* of placing durational limits on a pistol license and his *practice and policy* of denying applicants an unrestricted use license when the reason proffered was stated to be "personal protection" or "self defense" violates *plaintiff's* constitutional rights. Because plaintiff is seeking essentially a declaration that the aforementioned practices violated only *his* constitutional rights in this particular instance (as opposed to an across-the-board declaration), these claims likewise could have been resolved in a proceeding pursuant to CPLR 7803 (3) challenging defendant's 1986, 1982 and/or 1978 determinations as "arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see, Matter of Steck v Jorling,* 182 AD2d 937 [decided herewith]; *cf., Allen v Blum,* 58 NY2d 954, 956; *Matter of Zuckerman v Board of Educ.,* 44 NY2d 336, 343-344).[1] Accordingly, these claims likewise warrant imposition of the four-month Statute of Limitations.

Having concluded that the four-month Statute of Limita-

---

1. While at least one court has held that the four-month limitations period does not apply to those declaratory judgment actions contesting the constitutionality of an administrative act even though a CPLR article 78 proceeding may have been commenced as an alternative *(see, Kadragic v State Univ.,* 73 AD2d 638), inasmuch as that decision appears contrary to the Court of Appeals' later pronouncements in *Solnick v Whalen* (49 NY2d 224, *supra),* we decline to follow it *(cf., Matter of New York State Conference of Blue Cross & Blue Shield Plans v Cooper,* 173 AD2d 60, 63).

tions is applicable to these claims, it remains to be determined whether the actions were timely commenced. We believe that plaintiff's challenges to both the time and manner restrictions contained in the license are untimely. Under CPLR 217 (1), this proceeding must be commenced "within four months after the determination to be reviewed becomes final and binding upon the petitioner". The phrase "final and binding" has been interpreted to mean "at the time the action has its impact upon the petitioner and when it becomes clear that he was aggrieved thereby" (*Matter of Owners Comm. on Elec. Rates v Public Serv. Commn.*, 150 AD2d 45, 49, *revd on other grounds* 76 NY2d 779). Here, the 1986 license (like the previously issued 1982 and 1978 licenses) clearly stated that it expired in four years and that the pistol was limited to sports and target meets. The determination was final and binding at that time. Because the impact of the use restriction was immediate, it cannot be doubted that the limitations period began to run as of the 1986 date of issuance thus rendering any challenge to this restriction untimely.

Regarding the time restriction, the fact that it did not operate to actually preclude plaintiff from carrying his pistol until its expiration date in 1990 does not, in our view, result in a conclusion that accrual of the Statute of Limitations is somehow delayed until that time. It is defendant's *decision* to place an expiration date on the license that is challenged herein and that decision was final and binding and had its initial impact on plaintiff as of the date of issuance (*see, Matter of Steck v Jorling*, 182 AD2d 937, *supra; cf., Matter of Public Serv. Commn. v Rochester Tel. Corp.*, 55 NY2d 320, 325). Indeed, to claim that the limitation did not impact plaintiff so as to make him immediately aware of the time limitation of the license is to imply an inability of plaintiff to read and to understand the meaning of simple and ordinary words, an implication we cannot make.[2]

Levine, J. P., Mercure and Casey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as found plaintiff's first claim timely and held that defendant lacked authority to place an expiration date on plaintiff's pistol license; cross motion to dismiss plaintiff's first claim granted and said claim dismissed; and, as so modified, affirmed.

---

2. Since plaintiff's constitutional claims are time barred, plaintiff's fourth claim must likewise fail (*see, Graham v Connor*, 490 US 386, 393-394).