■ In the Matter of DONALD T. SPERRY et al., Petitioners, v CHARLES J. ADAMS, as Executive Director of the Office of Professional Discipline of the New York State Education Department, et al., Respondents. [620 NYS2d 532] —Mikoll, J.

Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Executive Director of the Office of Professional Discipline which denied petitioners' application for reconsideration of a prior disciplinary determination.

In January 1983, petitioners were certified public accountants and shareholders in the accounting firm of Ronder, Legg, Sperry & Company, P. C. (hereinafter the firm). Charles Ronder, a principal in the firm, had his license to practice accounting suspended from January 1983 through July 1983. In late 1983, petitioners reported a possible license suspension violation involving Ronder to the State Education Department. Ronder subsequently withdrew from the firm. In 1988, three specifications of professional misconduct were lodged against each petitioner since they had been shareholders of the firm at the time Ronder worked in violation of his suspension. Ronder was also charged with specifications of professional misconduct. Petitioners decided not to contest the specifications and were allowed to enter consent orders admitting guilt to one of the specifications and agreeing to each accept a penalty of one year's probation plus a $1,000 fine.

Subsequently, the charges against Ronder were dropped because of unjustified delay in prosecuting them. Petitioners thereupon jointly applied to respondent Executive Director of the Office of Professional Discipline (hereinafter the Director) for reconsideration of their disciplinary orders under 8 NYCRR 3.3 (f). The Director denied the request, asserting that their application for the consent orders constituted a waiver of their right to seek reconsideration and their lack of "both standing and grounds" for reconsideration. Petitioners then commenced the instant CPLR article 78 proceeding in this Court seeking review of the Director's denial of reconsideration.

The Director's determination must be annulled. The reasons stated in the determination, petitioners' application for a consent order and alleged lack of standing, demonstrate that the Director abused his discretion in denying petitioners' application (see, Matter of Anderson v Ambach, 96 AD2d 631, 632, lv denied 60 NY2d 556). A party is authorized by 8 NYCRR 3.3 (f) to apply for reconsideration of a disciplinary determination of respondent Board of Regents when "circumstances have occurred subsequent to the original determination which warrant a reconsideration", without limitation, and this rule applies even where the determination reviewed

is based on a consent order (8 NYCRR 3.3 [f]; *see, Matter of Goldstein v Ambach,* 139 AD2d 859, *lv denied* 72 NY2d 806; *Matter of Anderson v Ambach, supra).*

Further, the Director's determination made no mention of respondents' present argument for justifying denial of reconsideration, namely, that Ronder's charges were dismissed on procedural grounds, not on the merits, and that petitioners thereby failed to demonstrate a change in circumstances warranting reconsideration. The present argument fails because it was not a stated basis for the determination *(see, Matter of Sherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758-759). Consequently, this belatedly raised contention may not serve to sustain the determination in this Court *(see, supra).*

Respondents' argument that this Court is without subject matter jurisdiction to entertain this proceeding is without merit. The regulation at issue expressly gives the Director the discretion to determine if petitions for reconsideration of Board of Regents' disciplinary decisions warrant referral to the Regents Review Committee, which then issues a written recommendation to the Board of Regents for the final determination *(see,* 8 NYCRR 3.3 [f]). This Court has on prior occasions decided similar challenges to denials of reconsideration made pursuant to 8 NYCRR 3.3 (f) *(see, e.g., Matter of Goldstein v Ambach, supra; Matter of Anderson v Ambach, supra).*

Cardona, P. J., Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.