■ In the Matter of NEELIMA P. SARAF, Appellant, v CHARLES J. VACANTI, as Chairperson for the New York State Department of Health Board for Professional Medical Conduct, et al., Respondents. [636 NYS2d 189] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 3, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

In October 1992, the Department of Health (hereinafter the Department) notified petitioner, a licensed physician specializing in obstetrics and gynecology (hereinafter Ob/Gyn), of an investigation into claims against her of medical misconduct involving gross negligence and fraud. Following an interview with Department officials, the Department offered to allow petitioner, in lieu of the filing of formal charges, to enter a consent order whereby petitioner's license would be suspended pending her successful completion of a residency training program. Petitioner, represented by counsel, agreed to the terms proposed and on September 3, 1993 a final consent order was executed by the parties.

Petitioner thereupon endeavored to participate in a residency training program through hundreds of requests sent nationwide to family planning and Ob/Gyn programs. Petitioner, claiming that she had diligently searched for a residency position, informed the Department by letter dated April 18, 1994 of her difficulty in entering a residency program and requested permission to substitute an alternative retraining program, such as the Syracuse Physician Prescribed Educational Program (hereinafter PPEP), in place of the residency training program required by the consent order. The Department refused permission, stating that the PPEP was not considered a substitute for the residency program. Petitioner's subsequent request for reconsideration was denied.

On August 3, 1994 petitioner sent the Department a formal

notice to withdraw from the consent order, explaining that her request for substitution was not a wish to "self-impose an alternative to the residency condition" but, rather, a needed alternative in light of any opportunity to secure a residency position. In return, the Department advised her of its willingness to receive and review proposals for fulfilling the required retraining, but indicated again that it was petitioner's responsibility under the consent order to obtain retraining "on a scale, scope and time equivalent to a residency". The Department also informed petitioner of its reasons for its position. Another proposal submitted by petitioner was found not to be equivalent to a residency program.

On December 6, 1994 petitioner commenced the instant CPLR article 78 proceeding requesting Supreme Court to (a) vacate the consent order, (b) restore petitioner to her pre-consent order standing, (c) restore and return her medical license and registration, (d) enjoin respondents from imposing any restrictions on her medical license until a full hearing is held, or, alternatively, (e) direct respondents to fashion a substitute program for the retraining program required by the consent order.

Upon respondents' motion, Supreme Court dismissed the petition as time barred, noting that petitioner memorialized her position through the settlement and consent order signed on September 9, 1993 and ruled that the time to challenge the suspension of petitioner's license expired on January 9, 1994. The court reasoned that petitioner's requests for reconsideration did not effect a toll of the Statute of Limitations.

The judgment of Supreme Court should be affirmed. Supreme Court properly found that the proceeding was commenced after the Statute of Limitations had expired and dismissed the petition.

Petitioner's contention that the negotiated consent order created a contract between the parties governed by the six-year Statute of Limitations (see, CPLR 213) is without merit. Rather, as respondents contend, the consent order is, by regulation (see, 10 NYCRR 51.10 [c]), a final determination of charges of professional misconduct governed by the four-month Statute of Limitations under CPLR 217 (1). The execution of such a consent order has the same force as an order entered after a hearing (10 NYCRR 51.10 [c]) and generally is not subject to judicial review because a consenting party is not an "aggrieved" party (Matter of Mastanduono v Department of Educ., 159 AD2d 752, 753; Matter of Anderson v Ambach, 89 AD2d 657, 658, lv denied 57 NY2d 609). Where judicial review is

proper, the customary approach is by means of a CPLR article 78 proceeding (*see, Solnick v Whalen*, 49 NY2d 224, 231), which must be commenced within four months after the determination becomes final and binding (*see*, CPLR 217 [1]), that is, at the time the action impacts the petitioner and it becomes clear that the petitioner was aggrieved thereby (*see, Bitondo v State of New York*, 182 AD2d 948, 951). Here, where petitioner's grievance lies not in the Department's failure to perform an act but in petitioner's complaint that she was unable to appreciate the "reality, essence and ascertainable consequences" of the consent order until at least September 16, 1994, the date of accrual is the date the determination became final and binding.

Petitioner's argument that the date the determination became final and binding was not until she received the Department's letter dated September 16, 1994 responding to her request to consider alternative retraining programs, and she was thereby made aware "that alternatives were never going to be considered" by the Department, is without merit. An application for a rehearing neither tolls nor extends the limitations period (*see, Matter of Miller v Ambach*, 124 AD2d 882, 883). Thus, petitioner's requests for discretionary reconsideration of the consent order did not make the order nonfinal or reinstate her cause of action already barred by the Statute of Limitations (*see, Bitondo v State of New York*, 182 AD2d 948, 951, *supra*; *Matter of Westgate Dev. Group v White*, 149 AD2d 790, 790-791, *lv denied* 74 NY2d 609). Petitioner was represented by counsel when she signed the consent order and it is reasonable to charge her with making an informed and voluntary assent to the terms of the consent order.

Further, the type of proceeding is mandamus to review and the four-month period of limitations begins to run from the date petitioner was notified of the final determination or the date of its execution, whichever is later. Petitioner was notified of the consent order's provisions on September 3, 1994 when it was served on her, as the order provided that its effective date was the date of service.

Petitioner's argument that the Statute of Limitations was tolled when her request to vacate and seek reconsideration was turned down because that refusal was an action of the agency subject to CPLR article 78 review is rejected. Petitioner's request for reconsideration and her notice to vacate did not give rise to agency action subject to review as there are no regulations providing for reconsideration of a decision by the State Board for Professional Medical Conduct, as were present in the cases petitioner relies on for this proposition.

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.