■ In the Matter of MICHAEL QUARTARARO, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [637 NYS2d 721] —Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered August 14, 1995, which granted the petition in this proceeding brought pursuant to CPLR article 78, annulled the February and March 1994 determinations of respondent New York State Division of Parole denying, after hearings, petitioner's application for release on parole, and ordered that he be released on parole, unanimously modified, on the law, to the extent of vacating the direction to release petitioner on parole, and remanding the matter to respondent for a de novo hearing, before a different panel, to be conducted within 60 days of the date of this order and directing a decision thereon to be made within 30 days of the hearing, and otherwise affirmed, without costs.

The record supports the conclusion of the IAS Court that, in denying petitioner's application for parole after the February and March hearings, respondent improperly considered factors outside the scope of Executive Law § 259-i and in violation of a prior court order. However, while we share the IAS Court's concern over respondent's failure, after three attempts, to provide petitioner with a fair hearing, the proper remedy is to remand the matter for a de novo hearing before a different panel rather than to order petitioner's release on parole (*see, Matter of King v New York State Div. of Parole*, 83 NY2d 788). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Tom, JJ.