■ In the Matter of RICHARD K. STECK et al., Appellants, v THOMAS C. JORLING, as Commissioner of the State Department

of Environmental Conservation, et al., Respondents. [642 NYS2d 397] —Mercure, J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered January 27, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion for summary judgment.

Since 1983, petitioners have owned a solid waste management facility (hereinafter the facility) in the Town of Smithtown, Suffolk County. Construction and demolition debris is collected at the facility for the purpose of disposal. In October 1990, following a hearing, respondent Department of Environmental Conservation (hereinafter DEC) issued an administrative order finding petitioners guilty of violating various provisions of 6 NYCRR part 360. Petitioners were assessed a civil penalty of $45,000 and directed to close the facility.

Petitioners thereafter initiated a CPLR article 78 proceeding to review the administrative order. Respondents counterclaimed seeking enforcement of the order. Supreme Court transferred the proceeding to this Court, which, in a decision dated April 9, 1992, confirmed the determination finding petitioners guilty of various violations of 6 NYCRR part 360 and remitted the matter to Supreme Court for further proceedings regarding DEC's counterclaim for enforcement of the administrative order (*see*, 182 AD2d 937, 939, *appeal dismissed* 80 NY2d 893).

In September 1994, DEC moved for summary judgment to enforce so much of the administrative order as had assessed the civil penalty, prohibited acceptance of construction and demolition debris at the facility after November 1990 and directed petitioners to submit plans to cap the facility's landfill by the end of 1990.

In opposing the motion, petitioners asserted that in 1993 and 1994, DEC's engineers conducted various tests at the facility to detect the presence of hazardous waste and possible contamination. The test results disclosed that there was no evidence of hazardous waste at the site. Petitioners contended that in view of these test results, there was no need for their compliance with DEC's order of December 1990 directing, *inter alia*, cessation of operations at the facility and capping of the landfill. Supreme Court disagreed, granting respondents' motion for summary judgment and dismissing the petition.

On this appeal, petitioners contend that summary judgment should not have been granted due to the existence of material issues of fact regarding whether respondents have the authority to enforce the terms of the order, given the test results showing that the facility's site does not contain hazardous wastes. We disagree.

Under the doctrine of the law of the case, upon remittal, the issues in a case previously decided in the context of an appellate court review are conclusive (*see, e.g., Matter of Acres Stor. Co. v Chu*, 144 AD2d 758, 759, *appeal dismissed* 73 NY2d 914). Accordingly, after this Court's CPLR article 78 review of the instant matter, which resulted in confirmance of the finding that petitioners were guilty of various violations of 6 NYCRR part 360 (*see*, 182 AD2d 937, 939, *supra*), that determination was no longer subject to challenge (*see, State of New York v Barone*, 74 NY2d 332, 337).

Finally, we find the decision of the Appellate Division, Second Department, in *Matter of Steck v Jorling* (219 AD2d 727) to be inapposite to the instant matter inasmuch as that decision relates to a wood recycling operation on petitioners' property that is separate from the solid waste disposal operation at issue here.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.