■ In the Matter of WILLIAM BLOOM, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH, NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [752 NYS2d 923] —Crew III, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a consent order of respondent which, inter alia, limited petitioner's license to practice medicine.

Respondent charged petitioner with 15 specifications of professional misconduct including, inter alia, negligence, incompetence and moral unfitness. On the second day of the administrative hearing that ensued, petitioner executed a consent agreement limiting his license to practice medicine,

and respondent subsequently issued a consent order to that effect. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the subject order.

Inasmuch as the underlying order was rendered on consent, petitioner is not an aggrieved party and, hence, this proceeding does not lie (*see e.g. Matter of Mastanduono v Department of Educ.*, 159 AD2d 752, 753). Rather, petitioner's remedy is an application to set aside the consent order, the denial of which would be subject to our review (*see Matter of Anderson v Ambach*, 89 AD2d 657, 658, *lv denied* 57 NY2d 609). In any event, were we to consider petitioner's various contentions, we would find them to be without merit.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Adjudged that the petition is dismissed, without costs.