■ In the Matter of DERRICK NEWTON, Respondent-Appellant, v ROBERT DENNISON, as Chairman of the New York State Board of Parole, Appellant-Respondent. [849 NYS2d 435]—Order, Supreme Court, New York County (Joan Madden, J.), entered April 16, 2007, which denied respondent Parole Board's motion to change venue, annulled respondent's determination that petitioner is not entitled to discharge from prison to parole supervision, and directed a new parole hearing before a different panel, unanimously affirmed insofar as it denied petitioner immediate release, and the appeal therefrom otherwise dismissed, without costs.

Respondent argues in its reply brief that its appeal should be dismissed as it was rendered moot by a new parole hearing before a different panel that was conducted after it had filed its opening brief. Petitioner's cross appeal is meritless, as the proper remedy for an unfair hearing is not release but a remand for a new hearing (*Matter of Quartararo v New York State Div. of Parole*, 224 AD2d 266 [1996], *lv denied* 88 NY2d 805 [1996]; *cf. Matter of Siao-Pao v Travis*, 5 AD3d 150 [2004], *lv denied* 3 NY3d 603 [2004] [new hearing is the only relief petitioner could have received in the event of a successful appeal from denial of parole]). We note that petitioner received a minimum term of 15 years, and that Correction Law § 805, which, under certain circumstances, mandates release of inmates serving a minimum term of not more than eight years, is therefore inapplicable. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and Acosta, JJ.