■ In the Matter of GURPREET OBEROI, Appellant, v ROBERT DENNISON, as Chair of the Division of Parole, Respondent. [865 NYS2d 394]—Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 4, 2008 in Franklin County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

In 2004, petitioner was convicted of the crimes of manslaughter in the second degree and leaving the scene of an accident without reporting. He was sentenced, respectively, to concurrent prison terms of 3 to 9 years and 1 to 3 years. In October 2006, he appeared before the Board of Parole, but his request for parole release was denied and he was ordered held for an additional 24 months. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking, among other things, to annul the Board's determination. Following joinder of issue, Supreme Court found that the Board did not properly specify the basis of its determination and granted the petition to the extent of annulling the determination denying parole and directing the Board to conduct a de novo parole hearing. Petitioner appeals.

We affirm. As the result of Supreme Court's annulment of the determination denying him parole release and its direction that he be provided a de novo hearing, petitioner received all the relief to which he is entitled (*see Matter of Newton v Dennison*, 47 AD3d 538 [2008]; *Matter of Quartararo v New York State Div. of Parole*, 224 AD2d 266 [1996], *lv denied* 88 NY2d 805 [1996]). While petitioner also seeks monetary damages for lost wages resulting from the denial of his request for release, such relief is not available in the context of this proceeding to review a discretionary parole release determination inasmuch as these damages are not incidental to the primary relief sought (*see* CPLR 7806; *see e.g. Barresi v Mahoney*, 240 AD2d 570, 571 [1997], *lv denied* 90 NY2d 812 [1997]). Petitioner's remaining contentions have been considered and are lacking in merit.

Cardona, P.J., Carpinello, Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 19 Misc 3d 1106(A), 2008 NY Slip Op 50569(U).]