In the Matter of ROBERT DAVID KIRK, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [870 NYS2d 608]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to compel respondent to allow petitioner to withdraw his consent to a consent agreement and order entered into by the parties.

Petitioner, a registered physician's assistant since 2002, was charged with various instances of professional misconduct by the Bureau of Professional Medical Conduct. In September 2007, petitioner signed and consented to the entry of an agreement and order which constituted a final disposition of all charges pending against him. Almost immediately thereafter, petitioner, by letter, claimed that he was under duress when he consented to the terms of the agreement and wished to withdraw it. An Administrative Law Judge for respondent informed petitioner that respondent had adopted the consent agreement and issued a final consent order which effectively terminated the proceedings that were pending against petitioner and that respondent was, as a result, without power to undertake any further review of the consent order or the proceedings that resulted in the entry of the consent order. Petitioner commenced this CPLR article 78 proceeding challenging respondent's refusal to allow him to withdraw his consent to the agreement and seeks an order from this Court directing respondent to allow him to withdraw his consent to the agreement and resulting consent order.

Because he consented to the entry of this order, petitioner is not an aggrieved party and cannot initiate a proceeding that seeks to challenge any of its terms or conditions (*see* CPLR 5511; *Matter of Bloom v New York State Dept. of Health, N.Y. State Bd. for Professional Med. Conduct*, 301 AD2d 881, 882 [2003]). Given that he claims to have been forced to accept the terms of the order and that he signed it under duress, petitioner's remedy was "an application to set aside the consent order, the denial of which would be subject to our review" (*Matter of Bloom v New York State Dept. of Health, N.Y. State Bd. for Professional Med. Conduct*, 301 AD2d at 882; *see Matter of Anderson v Ambach*, 89 AD2d 657, 658 [1982], *lv denied* 57

NY2d 609 [1982]). Despite petitioner's claim to the contrary, the letters he sent to respondent after he signed the agreement and consented to the entry of the order do not constitute an application to set aside the consent order. In that regard, in his first letter dated September 17, 2007, petitioner claimed that he signed the agreement under duress and stated that he would "outline the details of [his] claim shortly after obtaining counsel." However, his next letter dated September 19, 2007 failed to set forth any facts upon which he based his claim of duress but, as worded, merely stated that he was "formally restat[ing his] desire to withdraw [his] consent."

Moreover, we note that throughout these administrative proceedings, petitioner was, at all times, represented by counsel and, at no time, did he ever make a formal application through counsel challenging the terms of the agreement or, more importantly, move to vacate the consent order. Having failed to make such an application in proper form to the appropriate authority, we conclude that the petition must be dismissed.

Peters, J.P., Spain, Lahtinen and Kane, JJ., concur. Adjudged that the petition is dismissed, without costs.