Spain, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent which denied petitioner’s request for reconsideration of a prior disciplinary determination.
Petitioner, a licensed dentist, was charged by the Office of Professional Discipline of the New York State Education Department (hereinafter OPD) with gross negligence and gross incompetence in the practice of dentistry, and practicing dentistry with negligence and incompetence on more than one occasion. Thereafter, the Board of Regents granted petitioner’s application for a consent order to settle the misconduct charges, whereby petitioner—represented by counsel—agreed not to contest the charge that she had practiced dentistry with negligence on more than one occasion and consented to a three-year probationary period, the payment of a $1,000 fine and partial suspension of her license to prohibit her from practicing *1165 endodontics and oral surgery until her completion of relevant course work. After completing the required course work, paying the fine and serving a year of her probationary period, petitioner sought reconsideration, requesting the removal of the misconduct charge and the corresponding penalties. Respondent denied reconsideration and petitioner initiated the present proceeding in this Court seeking review of that determination. We now confirm.
Preliminarily, we reject respondent’s assertion that our Court lacks original subject matter jurisdiction over this proceeding. Respondent relies on the fact that only review of “decisions of the board of regents” should be brought to the Appellate Division in the first instance (Education Law § 6510 [5]); all other CPLR article 78 proceedings must be commenced in Supreme Court (see CPLR 7804 [b]; 506 [a], [b]). Here, the Board of Regents never acted upon petitioner’s application because respondent, the Director of OPD, has discretion to determine whether reconsideration of a disciplinary determination is warranted and, only if it is, to then refer the matter to a regents review committee that submits a report to the Board of Regents for a final determination (see 8 NYCRR 3.3 [f]); see also Matter of Sperry v Adams, 210 AD 2d 773, 775 [1994]). We have, however, previously held that where, as here, respondent denies an application for reconsideration, thereby determining that it does not warrant referral to the Board of Regents, this Court has jurisdiction to review such denial under Education Law § 6510 (5) (see Matter of Sperry v Adams, 210 AD2d at 775; see also Matter of Goldstein v Ambach, 139 AD2d 859, 861 [1988], lv denied 72 NY2d 806 [1988]; Matter of Anderson v Ambach, 96 AD2d 631, 631-632 [1983], lv denied 60 NY2d 556 [1983]). We are unpersuaded that our decision in Matter of Reitman v Sobol (225 AD2d 823 [1996]) mandates a different conclusion, inasmuch as that case involved a petition to restore a professional license under Education Law § 6511 and not, as here, a determination challenging a denial of reconsideration (compare id. at 823-824, with Matter of Sperry v Adams, 210 AD2d at 775).
Turning to the merits, we cannot find that respondent abused his discretion in denying reconsideration of the disciplinary determination (see 8 NYCRR 3.3 [f]). A disciplinary determination will only be reconsidered where the petitioner shows that it was “based on an error of law, or that there is new and material evidence which was not previously available, or that circumstances have occurred subsequent to the original determination which warrant a reconsideration of the measure of discipline” (8 *1166 NYCRR 3.3 [f]). Here, petitioner has not alleged any of the specific bases that would support reconsideration. Her assertions of bias and lack of expertise by the doctors who rendered opinions of her work in connection with the disciplinary investigation go to the adequacy of proof of the charges, issues that she waived the right to contest by signing the consent order (see generally Matter of Kirk v State Bd. for Professional Med. Conduct, 58 AD3d 910, 910-911 [2009]; Matter of Bloom v New York State Dept. of Health, N.Y. State Bd. for Professional Med. Conduct, 301 AD2d 881, 882 [2003]).
Although petitioner also alleges that the consent order was involuntary, her application for that order specifically stated that she sought the consent order of her own free will and without “duress, compulsion, or restraint of any kind or manner.” She was represented by counsel at the time, rendering it “reasonable to charge her with making an informed and voluntary assent to the terms of the consent order” (Matter of Saraf v Vacanti, 223 AD2d 836, 838 [1996]). Indeed, her claim of involuntariness is premised on the fact that she was facing temporary suspension of her license pending a formal hearing, to the detriment of her reputation and finances. As such temporary measures are fully within the power of OPD to employ for the protection of the public (see 8 NYCRR 17.9 [a]), petitioner fails to proffer any evidence of improper coercion. Likewise, petitioner did not present any evidence to substantiate her claims that the disciplinary action taken against her was the product of discrimination based on her race or gender.
Unfortunately for petitioner, neither her retrospective regret with her own decision to enter into the consent order—thereby waiving the opportunity to defend herself against the charges and challenge the process employed by respondent—nor the negative impact of the consent order on her reputation and livelihood, nor her belief that the negotiated penalty was excessive provides a legal basis for reconsideration (see 8 NYCRR 3.3 [f]; Matter of Anderson v Arnbach, 96 AD2d at 632; see also Matter of Mastanduono v Department of Educ., 159 AD2d 752, 753 [1990]). Accordingly, we discern no abuse of discretion in respondent’s decision to deny the application for reconsideration (see Matter of Goldstein v Arnbach, 139 AD2d at 861; Matter of Anderson v Arnbach, 96 AD2d at 632).
Finally, petitioner’s claims of defamation by respondent are not properly asserted in the present CPLR article 78 proceeding (see CPLR 7806; Matter of Oberoi v Dennison, 55 AD3d 1033, 1033 [2008]; LaDuke v Lyons, 250 AD2d 969, 971 [1998]). We have considered petitioner’s remaining contentions and find them unpersuasive.
*1167 Peters, EJ., Garry and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.